**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 05-cv-474-REB BNB

**ECHOSTAR SATELLITE L.L.C.**, a Colorado Limited Liability Company,
**ECHOSTAR TECHNOLOGIES CORPORATION**, a Texas Corporation, and
**NAGRASTAR LLC**, a Colorado Limited Liability Company,

      Plaintiffs,

v.

**RAHIM "RON" LUTFI**

      Defendants.

---

## ORDER FOR DEFAULT JUDGMENT

**Blackburn, J.**

      IT APPEARING that the name of the party against whom the judgment is to be granted is Rahim "Ron" Lutfi ("Defendant");

      IT FURTHER APPEARING from the Court's records that the default of Defendant Rahim "Ron" Lutfi" ("Defendant") was entered on August 3, 2005;

      IT FURTHER APPEARING that this Court has personal jurisdiction over Defendant and that the Complaint and Summons were served upon Defendant on June 15, 2005;

      IT FURTHER APPEARING that this Court has subject matter jurisdiction over this matter based upon the presentment of a federal question;

      IT FURTHER APPEARING that Defendant is not an infant or incompetent and not in military service;

IT FURTHER APPEARING from the Motion for Default Judgment filed herein that Plaintiffs' EchoStar Satellite L.L.C., EchoStar Technologies Corporation, and NagraStar LLC (collectively "EchoStar")'s claim for damages is for a sum that by computation can be made certain;

IT FURTHER APPEARING that there is no just reason for delay in entering final judgment in this matter as to Defendant and that final judgment shall be entered against said Defendant;

IT FURTHER APPEARING that Plaintiff EchoStar alleges, and Defendant has admitted through his default, that Defendant violated the Digital Millennium Copyright Act 17 U.S.C. § 1201(a)(1)(A), § 1201(a)(2) & (b)(1), the Communications Act of 1934, 47 U.S.C. § 605(a), (e)(4), and the Electronic Communications Privacy Act, 18 U.S.C. § 2511(1)(a);

IT FURTHER APPEARING that EchoStar, as the prevailing party in this action, is entitled to reasonable attorneys' fees and costs pursuant to 47 U.S.C. § 605(e)(3) and 17 U.S.C. § 1203 incurred in prosecuting this action against Defendant and EchoStar has submitted evidence of the amount of those fees incurred;

NOW THEREFORE, on request of counsel for Plaintiff EchoStar, Judgment shall be entered against Defendant and in favor of EchoStar as follows:

1. $10,000.00 in statutory damages ($10,000.00 for each of Defendant's one (1) violation of 47 U.S.C. § 605(e)(4), pursuant to 47 U.S.C. § 605(e)(3));

2. $1,000.00 in statutory damages ($1,000.00 for each of Defendant's one (1) violation of 47 U.S.C. § 605(a), pursuant to 47 U.S.C. § 605(e)(3)(C)(i)-(ii));

3. $200.00 in statutory damages ($200.00 for each of Defendant's one (1) violation of 17 U.S.C. § 1201(a)(1)(A), pursuant to 17 U.S.C. § 1203);

4. $200.00 in statutory damages ($200.00 for each of Defendant's one (1) violation of 17 U.S.C. § 1201(a)(2), pursuant to 17 U.S.C. § 1203);

5. $200.00 in statutory damages ($200.00 for each of Defendant's one (1) violation of 17 U.S.C. § 1201(b)(1), pursuant to 17 U.S.C. § 1203);

6. $10,000.00 in statutory damages ($10,000.00 for Defendant's one (1) violation of 18 U.S.C. § 2511(1)(a), pursuant to 18 U.S.C. § 2520(c)(2));

7. The total amount of statutory damages awarded is $21,600.00.

8. Plus post judgment interest thereon at the legal rate pursuant to 28 U.S.C. § 1961 from the date of entry of this Judgment;

9. An award of $6,021.40 representing attorneys' fees in the amount of $4,200.00 and costs and expenses in the amount of $1,821.40 pursuant to 17 U.S.C. § 1203 and 47 U.S.C. § 605(e)(3);

10. Equitable relief as follows [17 U.S.C. § 1203(b)(1), 18 U.S.C. § 2520(b)(1), and 47 U.S.C. § 605(e)(3)(B)(i)]:

(A) a preliminary and permanent injunction is granted restraining and enjoining Defendant and his employees, agents, representatives, attorneys, and all other persons acting or claiming to act on their behalf or under Defendant's direction or authority, and all persons acting in concert or in participation with Defendant, from:

(1) manufacturing, importing, offering to the public, providing, modifying or otherwise trafficking in any EchoStar Receiver that has been modified without

authorization (including any Access Cards that have been modified without authorization), any satellite pirating device regardless of form, or any other technology, product, service, device, component, or part thereof, that:

    (i)    is primarily designed or produced for the purpose of circumventing the encryption access control protection contained in the software on Plaintiffs' Access Cards, contained within Plaintiffs' set-top boxes, or any other technological measure adopted by Plaintiffs that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming;

    (ii)    has only limited commercially significant purpose or use other than to circumvent Plaintiffs' encryption access control protection, or any other technological measure adopted by Plaintiffs that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming;

    (iii)    is knowingly marketed by Defendant and/or others acting in concert with Defendant for use in circumventing Plaintiffs' encryption access control protection, or any other technological measure adopted by Plaintiffs that effectively controls access to copyrighted programming oar effectively protects the exclusive rights afforded the owners of copyrighted programming; and

(2)    assembling, modifying, selling, advertising, marketing, possessing, transporting and/or distributing through any means whether via the Internet or otherwise, any EchoStar receiver or Access Card that has been modified without authorization or any other

electronic, mechanical, or other devices, the design of which renders them primarily useful for the purpose of the surreptitious interception of electronic communications;

(B)   It is Ordered that all of Plaintiffs' Access Cards, Receivers, and/or signal theft devices that have been modified without authorization, reprogramming equipment, and equipment used in the alteration and/or modification of said devices that are in the possession, custody, or control of Defendant or his employees, agents, representatives, attorneys, and all other persons acting or claiming to act on their behalf or under Defendant's direction or authority, and all persons acting in concert or in participation with Defendant are to be seized and impounded;

(C)   It is Ordered that Defendant is required to post a prominent public notice on any and all Internet web sites owned, originated, operated, or controlled by Defendant, notifying all persons in possession of altered or modified Access Cards, Receivers, or other circumvention or signal theft devices that said items have been recalled and that they should be sent to EchoStar or destroyed;

(D)   It is Ordered that Defendant shall preserve and maintain all records and evidence, in any form (including electronic form), referring or relating to: altered or modified Access Cards, Receivers, or other unlawful devices, as described herein; communications or correspondence with suppliers or customers of pirating devices, software, hardware or other equipment or know-how concerning access card programming, box key extraction; the identity of any manufactures, suppliers or customers of access card programming, box key extraction or set-top box modification programming services; and the quantity of all such devices in inventory and sold by Defendant; and

(E)     It is Ordered that Plaintiffs, through their counsel, shall be permitted to inspect and make mirror image copies of any computer or electronic storage drives or back up tapes in the possession, custody, or control of Defendant or his employees, agents, representatives, attorneys, and all other persons acting or claiming to act on their behalf or under Defendant's direction or authority, and all persons acting in concert or in participation with Defendant that contain information related to Defendant's sales of unlawfully altered or modified EchoStar Access Cards, Receivers, or other unlawful devices, as described herein.

Dated January 9, 2006, at Denver, Colorado.

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge